64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert O'NEAL, Petitioner-Appellee,
v.
Fred McANINCH, Respondent-Appellant.
 No. 92-3763.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Sept.
27, 1995.
 
 S.D. Ohio, No. 86-00976; Herman J. Weber, District Judge.
 S.D.Ohio, 115 S.Ct. 992.
 Reversed.
 Before: MILBURN, RYAN, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case is before us on remand from the Supreme Court. O'Neal v. McAninch, 115 S. Ct. 992 (1995). The Court reached the following conclusion: "When a federal judge in a habeas proceeding is in grave doubt about whether a trial error of federal law had 'substantial and injurious effect or influence in determining the jury's verdict,' that error was not harmless. And, the petitioner must win." Id. at 994. In vacating our earlier decision, O'Neal v. Morris,[1] 3 F.3d 143 (6th Cir. 1993), the Court expressed concern that we may have misapprehended language found in Brecht v. Abrahamson, 113 S. Ct. 1710 (1993), and placed the burden of establishing prejudice upon the habeas petitioner. O'Neal v. McAninch, 115 S. Ct. at 994.
 
 
 2
 Having carefully reconsidered our original holding in light of the guidance supplied by the Supreme Court, we can affirm that the reference in our opinion to the Brecht decision's allocation of the burden of proof was gratuitous and did not affect our determination that a writ of habeas corpus should not be issued to petitioner. The following passage from our earlier opinion makes clear that we viewed the error as harmless:
 
 
 3
 Nevertheless, even if this remark [of the prosecutor], in conjunction with any confusion engendered by the court's instructions on mens rea, could be said to have abridged petitioner's constitutional rights, we conclude that these errors were not of such magnitude that they "had [a] substantial and injurious effect or influence in determining the jury's verdict." Brecht, 113 S. Ct. at 1722. Petitioner argues that the instructions permitted the jury to find him guilty as an accomplice or conspirator by imputing to him the intent of the principals. However, all of the evidence upon which the jury could have relied to establish petitioner's guilt pointed to his guilt as a principal. Petitioner and Lloyd Allen were in petitioner's bar when Henry Podborny entered, and petitioner exited his establishment with Podborny's wallet and other possessions just minutes later. One witness testified that petitioner had told him that he and Allen had killed a man and placed his body in the field next to the witness' home, where Podborny's corpse was in fact discovered. In addition, physical evidence admitted at trial tended to show that Podborny was killed in petitioner's bar. Authorities found blood of Podborny's type spattered on the walls of petitioner's saloon and discovered paint on Podborny's body that was similar to the paint in the bar. Finally, the prosecutor consistently portrayed petitioner to the jury as a principal. Consequently, any error by the trial court pertaining to the intent of conspirators or aiders and abettors did not injuriously influence the jury's decision to convict petitioner as a principal.
 
 
 4
 O'Neal v. Morris, 3 F.3d at 147 (footnote omitted).
 
 
 5
 Accordingly, the record of the trial did not leave us in grave doubt about the effect of the error; rather, the record convinced us that any trial error did not have a "substantial and injurious effect or influence in determining the jury's verdict," and was therefore harmless. Upon consideration of this cause in conformity with the opinion of the Supreme Court in O'Neal v. McAninch, supra, we reverse the judgment of the district court that conditionally granted the writ of habeas corpus.
 
 
 
 [1]
 The current Warden, Fred McAninch, has since been substituted as Respondent